ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION CONCERNING 52 O.S. 540 (1989) AND ATTORNEY GENERAL'S OPINION NO. 89-053.
BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO PREVIOUS OPINIONS OF THE ATTORNEY GENERAL, AND BECAUSE THE "CLARIFICATIONS" YOU SEEK DO NOT REQUIRE MODIFICATION OF A.G OPINION NO. 89-023, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
ANY RESPONSE TO YOUR INQUIRY MUST BEGIN WITH A REVIEW OF THE STATUTES INVOLVED. TITLE 52 O.S. 540(A) (1989) PROVIDES IN PART:
 "PROVIDED, HOWEVER, THAT IN THOSE INSTANCES WHERE SUCH PROCEEDS CANNOT BE PAID BECAUSE THE TITLE THERETO IS NOT MARKETABLE, THE PURCHASERS OF SUCH PRODUCTION SHALL CAUSE ALL PROCEEDS DUE SUCH INTEREST TO EARN INTEREST AT THE RATE OF SIX PERCENT (6%) PER ANNUM TO BE COMPOUNDED ANNUALLY, CALCULATED FROM DATE OF FIRST SALE, UNTIL SUCH TIME AS THE TITLE TO SUCH INTEREST HAS BEEN PERFECTED."
AFTER AN ANALYSIS OF THIS SECTION, IT WAS CONCLUDED IN A. G. OPINION NO. 89-053 THAT 52 O.S 540(A) (1989) DOES NOT APPLY TO MARKETABLE UNCLAIMED PROCEEDS. THEREFORE, IN ANSWER TO YOUR FIRST QUESTION, THE INTEREST PROVISIONS OF THE STATUTE DO NOT APPLY TO MARKETABLE UNCLAIMED PROCEEDS.
IN YOUR SECOND QUESTION, YOU ASK IF AND WHEN THE 12 INTEREST PROVISIONS OF 52 O.S. 540(D) APPLY TO THE SITUATION OF A PERSON OR ENTITY FAILING TO PAY THE 6% INTEREST ON UNCLAIMED PROCEEDS WHEN PAYMENT OF THE PROCEEDS IS MADE. 52 O.S. 540(D) (1989) PROVIDES IN PERTINENT PART THAT PURCHASERS OR SUBSTITUTE FIRST PURCHASERS "SHALL BE LIABLE TO THE PERSONS LEGALLY ENTITLED TO THE PROCEEDS FROM PRODUCTION FOR THE UNPAID AMOUNT OF SUCH PROCEEDS . . ." (EMPHASIS ADDED).
IN THE ILLUSTRATION GIVEN ON PAGE 4 OF A.G. OPINION NO. 89-053, A PURCHASER WAS HOLDING ONE HUNDRED ($100.00) DOLLARS OF PROCEEDS WHICH WERE DUE AND PAYABLE WITH A 6 PERCENT INTEREST ASSESSMENT ATTACHED PURSUANT TO 540(A) OF THE STATUTE. THEREFORE, THE PURCHASER WAS LIABLE FOR PAYMENT OF ONE HUNDRED AND SIX ($106.00) DOLLARS. IF THE PURCHASER PAYS ONLY ONE HUNDRED ($100.00) DOLLARS OF THE LIABILITY FOR PROCEEDS, THE UNPAID AMOUNT IS SIX DOLLARS ($6.00). IT IS UPON THIS UNPAID AMOUNT OF PROCEEDS THAT THE TWELVE PERCENT (12%) INTEREST PENALTY PROVISION APPLIES FOR PURPOSES OF THIS EXAMPLE. ALSO, THE TWELVE PERCENT (12%) INTEREST RATE IN THIS EXAMPLE WOULD ATTACH TO THE UNPAID AMOUNT ON THE DATE SHOWN TO HAVE BEEN THE DUE DATE OF PAYMENT FOR ALL PROCEEDS (I.E. THE DATE ON WHICH THE ONE HUNDRED DOLLAR ($100.00) PAYMENT IS MADE). OTHER SITUATIONS WOULD REQUIRE A CASE-BY-CASE ANALYSIS, AS WOULD THE DETERMINATION OF "CALCULATED FROM DATE OF FIRST SALE." (SEE A.G. OPINION NO. 82-108, ATTACHED HERETO).
AS NOTED IN THE PRIOR OPINION, ALL INTEREST DUE UNDER THIS STATUTE IS TO BE COMPOUNDED ANNUALLY.
(ALICE S. MITCHELL)